UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HUMBERTO GIMENEZ, | : | CIVIL ACTION NO. 05-3633 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| MORGAN STANLEY D.W., | : | |
| Defendant. | : | |

**THIS MATTER ARISES** on the in-forma-pauperis application of the plaintiff pro se, Humberto Gimenez, under 28 U.S.C. § ("Section") 1915. (Applic.) This is an action to recover damages for reasons that are not clear. (See Compl., at 1-2.) The Court is required to address the application before reviewing the complaint's sufficiency. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The Court will grant the application.

**THIS IS** an action against the defendant Morgan Stanley D.W. ("MSDW"). (Compl.) The Court must (1) screen a complaint accompanying an application before it is docketed, and (2) dismiss it sua sponte if it, inter alia, "(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). See Mariani v. United States, 212 F.3d 761, 769 (3d Cir. 2000).

**GIMENEZ ALLEGES**, in his handwritten complaint, he is a New Jersey citizen. (Compl., at 1.) MSDW is identified, without more, as being "at 20 Linden Place, Red Bank, N.J. 07701." (Id.)

Gimenez asserts the Court "has subject jurisdiction and the amount I am asking for is $75000 (seventy five)."  (Id. (as stated in original); see id. at 2 (seeking "sum of $75000 (seventy five) to cover damage and expenses").)  He appears to allege that MSDW acted wrongfully in purchasing certain shares of stock. (Id. at 1-2.)

**GIMENEZ LISTS** only an address for MSDW.  He does not allege the nature of its ownership (e.g., corporation, limited partnership, limited liability company), thereby preventing the Court from analyzing (1) MSDW's citizenship, and (2) whether the action "is between citizens of different States."  28 U.S.C. § 1332(a)(1).[1]  He also seeks only $75,000, and thus fails to show that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a). In any event, the Court is unable to discern from the complaint any basis to recover damages in excess of $75,000.  Thus, Gimenez has failed to demonstrate jurisdiction here under Section 1332.

**GIMENEZ ALSO FAILS TO ALLEGE** a specific federal law forming a basis for jurisdiction.  The mere possibility of federal issues being involved will not give rise to federal jurisdiction.  See

---

[1] A corporation is deemed a citizen of the states wherein it (1) is incorporated and (2) has its principal place of business.  28 U.S.C. § 1332(c)(1).  An unincorporated association is deemed a citizen of each state in which its members are citizens.  Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990).

2

Fran. Tax Bd. v. Constr. Lab. Vac. Tr., 463 U.S. 1, 9-12 (1983). The Court cannot discern whether federal law "creates the cause of action" as to Gimenez's purported claims. Id. at 27-28. See Blum v. Seiler Corp., No. 92-2317, 1992 WL 177021, at *2 (E.D. Pa. July 17, 1992) (granting motion to dismiss because plaintiff failed to clarify basis for federal jurisdiction); Becker v. Muriel Siebert & Co., No. 97-1370, 1998 WL 209620, at *1-*2 (S.D.N.Y. Apr. 29, 1998) (granting motion to dismiss breach-of-stock-purchase-contract claim for lack of jurisdiction since it did not present federal question). The complaint fails to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests," and thus fails to conform to the Federal Rules of Civil Procedure. Conley v. Gibson, 355 U.S. 41, 47 (1957). See Fed.R.Civ.P. 8(a).[2] Thus, Gimenez has failed to demonstrate jurisdiction here under Section 1331.

**GIMENEZ ALSO HAS** a civil action pending against MSDW in New Jersey Superior Court, Essex County, under docket number SL-9293-2004.[3] It appears that the purported claims brought against MSDW here have been litigated — or are being litigated — in state

---

[2] Rule 8(a) requires that a complaint contain short and plain statements of "the grounds upon which the court's jurisdiction depends" and "the claim showing that the pleader is entitled to relief."

[3] This data was found on the electronic database Lexis.

3

court, and thus this action is barred under the Rooker-Feldman doctrine or the Younger abstention doctrine.  See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 & n.16 (1983) (stating federal court lacks jurisdiction over claims raised in state proceedings); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923) (stating same); Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982) (applying Younger v. Harris, 401 U.S. 37 (1971), to civil actions; stating federal court should abstain from exercising jurisdiction in action when state proceedings are ongoing).

**THE COURT**, thus, will dismiss the complaint because it is frivolous, malicious, and fails to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  The Court will issue an appropriate order and judgment.

```
                                    s/ Mary L. Cooper
                                 MARY L. COOPER
                                 United States District Judge
```